IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW PAUL BOROWSKI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00163-DWD |
| | ) |
| WARDEN D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Matthew Paul Borowski, an inmate of the Federal Bureau of Prisons, currently incarcerated at USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons' ("BOP") calculation of his sentence. Petitioner alleges that the BOP failed to fully credit the time he served pursuant to his prior Alabama state court sentence in calculating his federal sentence (Doc. 1). Respondent contends that Petitioner has received all the credit against his sentence that is due (Doc. 16). For the reasons detailed below, the Petition will be denied.

## Background

On July 3, 2008, Petitioner was arrested in Columbiana, Alabama and charged with second-degree rape and second-degree sodomy (Case Nos. CC08-1545, CC08-1546) (Doc. 16-1, p. 2). Petitioner pled guilty to two counts of sexual misconduct and was sentenced to two 12-month terms of imprisonment, which were to run consecutively for a total of 24 months (Doc. 16-1, pp. 6-7). Prior to his sentencing for the Alabama State charges,

Petitioner had been in state custody from July 3, 2008 to June 21, 2011 (*i.e.,* 1,084 days) (Doc. 16-1, p. 30). The State Court Judge gave Petitioner a jail credit of 1,084 days in fulfillment of his 24-month imprisonment term and released from his state sentence on June 21, 2011 (Doc. 16-1, pp. 6, 7, 30).

On December 17, 2012, Petitioner was arrested by United States Marshals Service and charged with the Receipt of Child Pornography (Case No. 7:12-CR-131-1BO) (Doc. 16-1, p. 9). On September 25, 2013, the United Stated District Court for the Eastern District of North Carolina sentenced Petitioner to a 174-month term of imprisonment for the Receipt of Child Pornography charge (Doc. 16-1, pp. 12-13). The Judgment and the Statement of Reasons filed by the District Court indicates that Petitioner was granted a 36-month credit for time served through a downward adjustment of his sentence pursuant to U.S.S.G. § 5k2.23, which was below the advisory guideline range (Doc. 16-1, pp. 12-14, 16-17).[1] In the computation of Petitioner's federal sentence, the BOP applied prior custody credit from his federal sentence from December 17, 2012 through September 24, 2013 (*i.e.,* 282 days), which had not been applied in any other sentences (Doc. 16-1, p. 21).

## Discussion

18 U.S.C. § 3585(b) provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." *See*, *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The Seventh Circuit has repeatedly held

---

[1] Petitioner's sentence was adjusted downward from the mandatory minimum sentence of 210 months to 174 months (Doc. 16-1, pp. 13, 16-17).

that § 3585(b) means what it says: the time that a defendant spends in pre-sentence custody cannot be credited to his newly imposed sentence if that time has been credited to another sentence. *See United States v. Walker*, 98 F.3d 944, 945 (7th Cir. 1996) ("The statute [§ 3585(b)] is explicit that you can get credit against only one sentence, and the defendant was already getting credit against the sentence for his parole violation."); *Ross*, 219 F.3d at 594 ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."); *Grigsby v. Bledsoe*, 223 F. App'x 486, 488–489 (7th Cir. 2007), and cases cited therein; *Short v. Revell*, 152 F. App'x 542, 544 (7th Cir. 2005); *Easley v. Stepp*, 5 F. App'x 541, 542 (7th Cir. 2001).

Petitioner claims that the BOP "failed to credit [his federal] sentence with prior custody jail credit, between the dates of 7-3-2010 thru 6-21-2011, in the amount of 354 days" because the "prior custody time period was served after the date of the commission of [his] federal offense, and [was not] credited towards any other sentence – state or federal" (Doc. 1, p. 6). Petitioner argues that since his sentence was 24 months, only 730 days should have been credited, leaving 354 days in excess (Doc. 1, pp. 12-13). According to Petitioner, these excess 354 days could not have been applied to his state sentence, and thus they have not been awarded to any other sentence and are free to be applied to his federal sentence (Doc. 1, p. 13).

However, when the Alabama state court sentenced Petitioner, it ordered "[a]ll entitled jail credit of 1,084 days … shall be deducted from this sentence" (Doc. 16-1, pp. 6-7). This means that even if the BOP had desired to grant the alleged 354 days of excess credit in the federal case, "it could not have done so because § 3585(b) forbids the BOP

3

from giving credit for presentence custody when that credit has been applied against another sentence." *Ross*, 219 F.3d at 594 ("[T]he state obviously was giving [petitioner] credit for his time served in state prison on a state sentence."); *see also United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, 117 L. Ed. 2d 593 (1992) ("[W]hen it enacted § 3585(b) … Congress made clear that a defendant could not receive double credit for his detention time.") The 1,084 days were applied to Petitioner's sentence and so the BOP could not have credited them in his federal sentence under § 3585(b).

Petitioner also contends that the District Court's downward adjustment of his federal sentence by 36 months does not resolve the issue of the alleged 354 uncredited days (Doc. 1, pp. 13-14). Petitioner argues that the District Court had no authority to grant or deny credit, and that only the BOP had that authority (Doc. 1, pp. 13-15). The downward departure, according to Petitioner, could not include the 364 days of credit because credits may only be applied retroactively to sentences, not included as part of the sentence itself (Doc. 1, pp. 14-15). Therefore, Petitioner claims the 364 days were not already credited towards his federal sentence and ought to be applied now (Doc. 1, p. 15).[2]

The sentencing guidelines grant a district court "discretion to adjust a defendant's sentence downward for a discharged sentence." *United States v. De La Cruz*, 897 F.3d 841,

---

[2] To support this argument, Petitioner cites *Palmer v. Carter*, 2022 U.S. Dist. LEXIS 217093, at *1 (D. Md. Nov. 30, 2022). However, this Court is not bound by decisions of other district courts. This case also has little persuasive value because it is unpublished and cites no case law to support its decision. Additionally, its decision has not been cited by any other courts. Additionally, the respondent in *Palmer* reported prior to the Court's decision that the BOP had agreed to give the petitioner credit for the days which were not previously credited to his sentence. *Id.* at *5-6. Here, Respondent has reported no such agreement by the BOP that Petitioner has days which were not previously credited to his sentence.

846 (7th Cir. 2018) (citing U.S.S.G. § 5K2.23). There are two requirements for a defendant to be eligible for a downward departure under § 5k2.23: (1) the defendant must have completed a term of imprisonment, and (2) a mandatory credit would have been applied under § 5G1.3(b) "had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." *De La Cruz*, 897 F.3d at 846 (quoting U.S.S.G. § 5K2.23) § 5G1.3(b) explains that sentencing courts should consider if the defendant's present sentence accounts for the sentence imposed in a related case:

> (b) If ... a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*United States v. Pietkiewicz*, 712 F.3d 1057, 1060-61 (7th Cir. 2013) (quoting § 5G1.3(b)(1)-(2)).

"Although 5G1.3(b) is not directly applicable to discharged sentences," the guidelines explain that "sentencing courts can still consider a reduction in a sentence when the service of an earlier sentence was discharged." *Id.*; *see also United States v. Cruz*, 595 F.3d 744, 746 (7th Cir. 2010) "[T]he way to take a discharged sentence into account in sentencing is by making a downward departure from the defendant's guideline range"); *Matlock v. Sproul*, No. 22-2999, 2023 WL 2810286 *2 (7th Cir. Apr. 6, 2023). ("Outside of §

5

5G1.3(b), of course, a district judge selecting the number of months of imprisonment under the advisory Guidelines may still consider an offset for prior time in state custody).

The judgment in Petitioner's federal case states that he was "given 36 months of credit for time spent in Alabama on related conduct" (Doc. 16-1, p. 13). The statement of reasons for Petitioner's federal sentence also provides that "the Court gave [Petitioner] credit for prior discharged term of imprisonment which is relevant conduct to instant offense and adjusted sentence accordingly," citing § 5K2.23 (Doc. 16-1, p. 17). As Petitioner had already completed his state term of imprisonment, the District Court's downward adjustment of his federal sentence was proper under § 5K2.23 because his state and federal sentences arose from the same relevant conduct such that § 5G1.3(b) would have applied if his sentence was undischarged. *See Matlock*, No. 22-2999, 2023 WL 2810286 at *2 (7th Cir. Apr. 6, 2023) (explaining § 5G1.3(b) "permits a downward adjustment when a state and federal sentence arise from the same 'relevant conduct'."); *see also De La Cruz*, 897 F.3d at 846. This 36-month adjustment (*i.e.*, 1095 days) fully credits Petitioner for his discharged Alabama sentence 1084 days of imprisonment in Alabama. Therefore, Petitioner is not entitled to the additional 354 days of prior custody credit.

## Conclusion

For the foregoing reasons, Matthew Paul Borowski's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The Petition is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment in favor of Respondent and to close this case.

**SO ORDERED.**

Dated: May 1, 2024

/s *David W. Dugan*

---

DAVID W. DUGAN
United States District Judge